**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD., <br><br>     Plaintiff, <br><br> v. <br><br> RKSTN Fashion <br> d/b/a GuangZhouShiLiQunQiangDian <br> ZiShangWuYouXianGongSi <br><br>     Defendant. | **Case No. 1:26-cv-00820-SLE-BWJ** <br><br> **Honorable Sara L. Ellis** <br><br> **Magistrate Beth W. Jantz** |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff, Shenzhen Daisili Commercial Co., Ltd., ("Plaintiff"), hereby files this First Amended Complaint for damages and injunction relief for copyright infringement against the RKSTN Fashion d/b/a GuangZhouShiLiQunQiangDianZiShangWuYouXianGongSi, identified in Exhibit 2 attached hereto (collectively, the "Defendant") and in support of its claims states as follows:

**<u>NATURE OF THE ACTION</u>**

1. Plaintiff is the owner of all rights, title, and interest in and to United States Copyright Registrations for specific photographic art. Plaintiff owns the federal copyright registration number for its original photographs: VA0002422341 ("Copyrighted Photos"). See Copyright Registration and Copyrighted Photo at issue attached as **Exhibit 1**.

2. Plaintiff is an individual that licenses its photographic works to clothing companies for commercial use in advertising and marketing.

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT          Case No.: 1:26-cv-00820-SLE-BWJ

3. 2.This Defendant is an online storefront ("Online Store") operating on the Amazon Platform, which have used Plaintiff's Copyrighted Photo without authorization to promote and sell competing products.

4. Plaintiff has never licensed to this Defendant for any use of the Copyrighted Photos, nor are this Defendant otherwise authorized to display the photos.

5. This Defendant's unlawful use of Plaintiff's Copyrighted Photo on the Amazon Platform deprives Plaintiff of licensing revenue, undermines its ability to issue exclusive licenses, and causes irreparable harm to its livelihood and reputation.

6. This Defendant causes mass harm because Plaintiff, an individual, loses its source of income and control over its Copyrighted Photos.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

8. This Court may exercise personal jurisdiction over this Defendant because this Defendant directly targets business activities towards consumers in Illinois, through their Online Store on the Amazon Platform, identified in **Exhibit 2** attached hereto.

9. This Defendant has targeted sales to the United States by operating this e-commerce Store, which cater to United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and sell products using illicit copies Plaintiff's federally registered copyrights.

10. Specifically, this Defendant copies and displays Plaintiff's Copyrighted Photo without license or authorization to residents of Illinois through the Amazon Platform.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    Case No.: 1:26-cv-00820-SLE-BWJ

11.     Defendant is properly subjected to personal jurisdiction in Illinois. Defendant is a foreign entity with sufficient contacts here, as they have systematically and continuously used Plaintiff's Copyrighted Photo for commercial purposes in this judicial district. This systematic exploitation in the United States, and here specifically, Illinois, of Plaintiff's Copyrighted Photo for commercial purposes makes it reasonably foreseeable that this Defendant would be hauled into answer in a court in Illinois. The exercise of jurisdiction in this Court complies with due process.

12.     Venue is proper in this district under 28 U.S.C. § 1391 because this Defendant is subject to this Court's personal jurisdiction and none of this Defendant, based on a pre-suit investigation, are residents of the United States. Defendant is engaging in infringing activities and causing harm within the Northern District of Illinois by displaying Plaintiff's Copyrighted Photo for commercial purposes within the district, and advertising, offering to sell, selling, and/or shipping products to consumers in this district.

## THE PARTIES

### Plaintiff

13.     Plaintiff is an individual and the owner of the Copyrighted Photo, attached hereto as **Exhibit 1**.

14.     Plaintiff owns all rights, including, without limitation, the rights to reproduce the Copyrighted Photo in copies, prepare derivative works based upon the copyrighted works, and distribute copies of the Copyrighted Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending the Copyrighted Photo. See **Exhibit 1.**

15.     Plaintiff licenses his Copyrighted Photo to clothing suppliers so they can use them to market their products, which is how Plaintiff earns a living.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                Case No.: 1:26-cv-00820-SLE-BWJ

16.     Plaintiff earns his livelihood by licensing his works, often through exclusive licenses to fashion brands.

17.     Plaintiff has issued exclusive licenses over his Copyrighted Photo involved in this suit.

18.     Loss of exclusivity and control over this Copyrighted Photo creates serious harm to Plaintiff, who relies on limiting the availability of the Copyrighted Photo to sustain their value.

219.     Unauthorized use by this Defendant destroys exclusivity, devalues Plaintiff's Copyrighted Photos, and diminishes future licensing opportunities.

20.     Plaintiff has neither licensed nor authorized this Defendant to use the Copyrighted Photos.

21.     Plaintiff allowing the continued distribution of the non-licensed clothing using Plaintiff's Copyrighted Photos, by not enforcing licensing, devalues the artwork that the Plaintiff produces in that:

a)     it prevents the Copyrighted Photo from being used by the licensees of this photograph to make their high-quality products appear distinct; and

b)     it shows future licensees that buying an exclusive license comes with no guarantee of exclusivity, which means it is not worth the purchase.

22.     Plaintiff's livelihood depends on the ability to control the licensing of his Copyrighted Photos, which the swarm of illicit actors makes incredibly difficult, while simultaneously depreciating Plaintiff's Copyrighted Photo for every day that Plaintiff lacks control over it.

23.     The damage to Plaintiff of continued infringement is imminent, irreparable, and unquantifiable.

**Defendant**

24.     Defendant is an individual and business entity of unknown corporate organization and/or structure, who own and/or operate one or more of the Online Store on the Platform as identified on **Exhibit 2.**

25.      It is believed that this Defendant resides and/or operates in foreign jurisdictions outside the United States.

26.     This Defendant conducts business across the United States, including in this judicial district of Illinois, through the operation of their Online Store listed in **Exhibit 2**. This Defendant has offered to sell and have sold products using illicit copies of Plaintiff's original Copyrighted Photo without permission. See **Exhibit 3** for links to infringing uses of the copyrights of the Defendant's Online Store, and comparison of the Copyrighted Photo compared to the infringing use.

27.     Most third-party online marketplace platforms, like the Platform in this case, do not verify new sellers or confirm their identities. This allows infringers to use fake or inaccurate names, business details, and addresses when creating their online Store. This platforms also typically do not require sellers to reveal their actual business entities, enabling infringers to set up multiple profiles and Store that seem unrelated but are actually controlled by the same individuals.

**DEFENDANT' UNLAWFUL CONDUCT**

28.     The quality of Plaintiff's work and the brands it licenses its work to have attracted many illicit infringers who copy and display Plaintiff's Copyrighted Photo to sell cheap competing versions of some of the clothing depicted in its art.

29.     Upon information and belief, all Defendant is a connected group of infringers working together to knowingly and willfully use Plaintiff's Copyrighted Photo around the same

5

timeframe, without permission, to manufacture, import, distribute, offer for sale, and sell the clothing depicted within.

30.     Upon information and belief, this Defendant has had full knowledge of Plaintiff's ownership and authorship of the Copyrighted Photos.

31.     Plaintiff has identified numerous Store on the Amazon Platform, including this Defendant's online Store, which displays Plaintiff's Copyrighted Photo around the same timeframe.

32.     Plaintiff seeks to shut down this Defendant's Online Store, where this Defendant display copies they made of Plaintiff's Copyrighted Photo without permission.

33.     Fraudulent seller alias registration patterns are among the common tactics used by Internet store operators, such as this Defendant, to conceal their identities and the full extent of their illicit activities, and to avoid shutdown.

34.     This Defendant operates under various seller aliases creating the impression that this Defendant has multiple, separate entities.

35.     Furthermore, infringers, like this Defendant and likely including this Defendant, operate multiple credit card merchant accounts and third-party accounts, which are hidden behind layers of payment gateways, enabling them to continue their operations despite enforcement efforts.

36.     Based on information and belief, this Defendant maintain offshore bank accounts and regularly transfer funds from their Platform accounts to offshore banks outside this Court's jurisdiction, especially since it is believed that this Defendant reside abroad.

37.     Notable features standard to this Defendant's Online Store includes a lack of contact information, the same or similar products for sale, identically or similarly priced items,

COMPLAINT FOR COPYRIGHT INFRINGEMENT          Case No.: 1:26-cv-00820-SLE-BWJ

sales discounts, shared hosting service, identical name servers, and their common illicit infringement of Plaintiff's Copyrighted Images.

38.     This Defendant's use of Plaintiff's intellectual property devalues the same by eliminating and/or diluting the exclusiveness of the licenses Plaintiff has issued.

39.     Unless restrained temporarily, preliminarily, and permanently by this Court, this Defendant' infringing conduct will continue to cause irreparable harm to Plaintiff.

40.     Upon information and belief, this Defendant will continue to infringe Plaintiff's Copyrights for commercial purposes unless preliminarily and permanently enjoined.

<u>**COUNT I**</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**

41.     Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 49, above.

42.     Plaintiff's Copyrighted Photo have substantial value and were produced and created at significant expense.

43.     Plaintiff owns all exclusive rights, including the rights to reproduce the Copyrighted Photo into copies, create derivative works based on copyright registrations, and to distribute copies of the copyrighted Photo to the public through sale, transfer of ownership, rental, lease, or lending. See **Exhibit 1**.

44.     This Defendant continues to use Plaintiff's Copyrighted Photo to sell their goods in this and other judicial districts.

45.     This Defendant's unauthorized use of Plaintiff's Copyrighted Photos, for commercial purposes, on their Online Store, constitutes copyright infringement.

46.     On information and belief, this Defendant' infringing acts are willful, deliberate, and committed with prior notice and knowledge of Plaintiff's Copyrighted Photos.

7

COMPLAINT FOR COPYRIGHT INFRINGEMENT              Case No.: 1:26-cv-00820-SLE-BWJ

47. Defendant either knew, or should have reasonably known, that Plaintiff's Copyrighted Photo were registered with the Copyright Office, as they did not create them and should have, at a minimum, checked before displaying them.

48. As a direct and proximate result of this Defendant's unauthorized and infringing conduct, this Defendant has obtained and continue to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, which this Defendant would not otherwise have realized but for their infringement of Plaintiff's Copyrighted Photos.

49. The acts of infringement described above constitute a collective enterprise involving shared, conspiratorial, and overlapping actions done in coordination. These acts were willful, intentional, and performed with disregard for and indifference to the rights of the Plaintiff.

50. Accordingly, Plaintiff seeks an award of damages under 17 U.S.C. § 504.

52. In addition to actual damages, Plaintiff is entitled to receive the profits made by this Defendant from their wrongful acts, under 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by Defendant from their acts of infringement.

51. In the alternative, Plaintiff is entitled to and may elect to choose statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of this Defendant's willful copyright infringement.

52. Plaintiff is entitled to and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation of the Copyright Photo by this Defendant.

53. Plaintiff had to hire and agree to compensate at a reasonable rate the undersigned firm; therefore, Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit under 17 U.S.C. § 505.

COMPLAINT FOR COPYRIGHT INFRINGEMENT          Case No.: 1:26-cv-00820-SLE-BWJ

54.     Plaintiff has no adequate remedy at law, and, if this Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to his reputation as an artist, because the lack of exclusivity over Plaintiff's works will devalue its portfolio and future ability to license its work.

55.     Reputational damage and the devaluation of Plaintiff's future works cannot be remedied by monetary damages. Instead, they are irreparable injuries lacking adequate remedies at law, without an injunction.

56.     Under 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each of this Defendant from further displaying Plaintiff's Copyrighted Photos, ordering that Defendant destroy all unauthorized copies, Defendant's copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against this Defendant as follows:

1.     That this Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.     using Plaintiff's Copyrighted Photo or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with its registered copyrights;

    b.     further infringing the Copyrights and damaging Plaintiff's reputation and

9

goodwill;

c. using, linking to, transferring, selling, exercising control over, or otherwise owning this Defendant's Store on the Defendant's Online Store or the Amazon Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which the Defendant could continue to conduct commercial activity using the Plaintiff's Copyrighted Photos; and

d. operating and/or hosting websites at the Defendant's Online Store and any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyrighted Photos.

2. That this Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which this Defendant have complied with paragraph 1 above.

3. Entry of an Order that, upon Plaintiff's request, those in privity with this Defendant and those with notice of the injunction, including in our case here the Amazon Platform, as well as AliExpress, Walmart, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing and Yahoo, web hosts for this Defendant' Online Store, and domain name registrars ("Third Party Providers"), shall:

a. disable and cease providing services for any accounts through which this Defendant engage in commercial activity using Plaintiff's Copyrighted Photos, including any accounts associated with this Defendant listed on Exhibit 2.

COMPLAINT FOR COPYRIGHT INFRINGEMENT      Case No.: 1:26-cv-00820-SLE-BWJ

b.        disable and cease displaying any advertisements used by or associated with Defendant that display the Copyrights; and

c.        take all necessary steps to prevent links to this Defendant' Online Store identified on Exhibit 2 from displaying in search results, including, but not limited to, removing links to this Defendant' domain names from any search index.

4.        That this Defendant account for and pay to Plaintiff all profits realized by them through the unauthorized use of the Copyrighted Photos.

5.        In the alternative, Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for every infringement of the Copyrights under 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of this Defendant' willful copyright infringement.

6.        Plaintiff be awarded its reasonable attorneys' fees and costs.

7.        Award any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: February 17, 2026                                       Respectfully Submitted

By: */s/ Katherine Kuhn*
Katherine M. Kuhn (IL Bar No. 6331405)
Joseph W. Droter (IL Bar No. 6329630)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL  60606
Tel: (702) 462-5973
Fax: (702) 553-3404
joseph@bayramoglu-legal.com
katherine@bayramoglu-legal.com

*Attorneys for Plaintiff*

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    Case No.: 1:26-cv-00820-SLE-BWJ